# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **No. 1:20-CR-00081-LY** |
| | § | |
| **(1) GREGORY JAMES,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.    BACKGROUND

Defendant Gregory James pleaded guilty to Count 2 of his indictment, which charged him with possession with intent to distribute synthetic cannabinoids, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Dkt. 70. The District Court sentenced James to serve six months of imprisonment, followed by five years of supervised release. *Id.*

James is before the Court pursuant to the U.S. Probation Office's Petition for Warrant or Summons for Offender Under Supervision, which alleges violations of the

1

terms of his supervised release. Dkt. 74. In particular, the petition alleges violations of Mandatory Condition 1, which states that "[t]he defendant shall not commit another federal, state, or local crime during the term of supervision," and Standard Condition 2, which requires James to report to his probation officer as instructed. *Id.* The petition states that in September 2022, James violated the condition that he not commit another crime when he allegedly brandished a firearm during a confrontation with his girlfriend's husband. The petition further states that in connection with this incident, James was charged in Travis County, Texas with Aggravated Assault with a Deadly Weapon, Cause No. D-1-DC-22-302664, and that a warrant has been issued for his arrest. As for the condition requiring James to report to his probation officer, the petition states that the last contact James has had with the probation office was in early October 2022 and that the USPO considers him to have absconded supervision. *Id.* In response to the petition, the undersigned signed a warrant for James's arrest. Dkt. 75 (signed January 5, 2023). James was arrested on January 18, 2023, and has remained in the custody of the United States Marshals Service since that time.

The undersigned held a preliminary and final revocation hearing on the petition on February 3, 2023. Present at the hearing were James, represented by Amber Vazquez; Assistant United States Attorney Matthew Harding; and James's probation officer, Miguel Rodriguez. At the hearing, the parties announced their intent to proceed only with respect to the petition's allegation of a violation of Standard Condition 2 and to defer moving forward with the alleged violation of

Mandatory Condition 1 until the underlying state charge is resolved. The undersigned accepted this agreement, and thus the hearing only addressed matters related to the violation of Standard Condition 2, *i.e.*, the allegation that James absconded from supervision. During the hearing James waived his right to be present before the United States District Judge at the time of imposition of sentence, consented to allocution before the United States Magistrate Judge, and then pleaded "True" to the violation of Standard Condition 2.

## II.      FINDINGS OF THE COURT

1.   Probable cause exists for the alleged violation of Standard Condition 2.

2.   The most serious violation is a Grade C, and the defendant's criminal history category is VI.

3.   The defendant understood the petition and the charges alleged against the defendant and had the opportunity to discuss the petition and charges with the defendant's attorney.

4.   The defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5.   The defendant did not suffer from any physical or mental impairment that would affect the defendant's ability to fully understand the charges against the defendant or the consequences of the defendant's plea.

6.   The defendant was sane and mentally competent at the time of these proceedings.

7.   The defendant was sane and mentally competent to assist the defendant's attorney in the preparation and conduct of the defendant's defense.

8.   The defendant waived the defendant's right to a preliminary hearing.

9.   The defendant understood all of the defendant's statutory and constitutional rights and desired to waive those rights.

10.   The defendant understood that the defendant had the right to present evidence and to cross-examine witnesses at the hearing.

11.   The defendant violated Standard Condition 2 of his term of supervised release and that there is a factual basis in support of that finding.

## III.   FACTORS CONSIDERED

The Court has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1.   The nature and circumstances of the offense, § 3553 (a)(1);

2.   The history and characteristics of the defendant, (a)(1);

3.   To afford adequate deterrence to criminal conduct, (a)(2)(B);

4.   To protect the public, (a)(2)(C);

5.   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6.   The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7.   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8.   The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the Court.

## IV.   RECOMMENDATION

The Magistrate Court has carefully considered the arguments of counsel, the evidence presented by the parties and has taken judicial notice of the original pre-

4

sentence report, and the petition, the Adjustment Summary and the Violation Conduct Computation prepared by the United States Probation Office.

In light of the factors set forth above, the undersigned **RECOMMENDS** that James's term of supervised release be **CONTINUED** and the USPO's petition to revoke, Dkt. 74, be **DENIED**.

The undersigned **RECOMMENDS** that the District Court continue to impose the conditions of James's supervised release as set forth in Dkt. 70.

Additionally, the undersigned **RECOMMENDS** that the District Court impose the following additional conditions, as recommended by the U.S. Probation Office:

As a result of the defendant's current behavior, the defendant shall participate in a cognitive-behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office. The defendant shall pay for the costs of the program if financially able.

As a result of the defendant's current behavior, the defendant shall participate in the Location Monitoring Program for a period of <u>45 days</u>, which will include remote location monitoring using Active Global Positioning Satellite (GPS) tracking.  You shall abide by the rules and regulations of the Participant Agreement Form.  During this time, you will remain at your place of residence except for employment and other

activities approved in advance by your Probation Officer. You will maintain a telephone at your place of residence without "caller ID," "call forwarding," "call waiting," "call back/call block," a modem or a portable cordless telephone for the above period as directed by the Probation Officer. At the direction of the Probation Officer, you shall wear a transmitter and be required to carry a tracking device. You shall pay all or part of the costs of the program based on the ability to pay as directed by the Probation Officer.

As a result of the defendant's recent arrest, the defendant shall not communicate, or otherwise interact, with Joseph Botello, either directly or through someone else, without first obtaining the permission of the probation officer.

Finally, the undersigned **RECOMMENDS** that upon acceptance of this report and recommendation by the District Court that James be **RELEASED** from the custody of the U.S. Marshals Service.

## V.    WARNINGS

In order to expedite the District Court's consideration of this report and recommendation, the parties jointly tendered a waiver of the 14-day objection period to the undersigned's report and recommendation. The undersigned, therefore, does not anticipate that objections will be filed. Nonetheless, out of an abundance of caution, the undersigned provides the parties with the following warning:

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous,

conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 3, 2023.


_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE